IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MICHAEL FRANKLIN,[1] | § | |
| | § | No. 213, 2021 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below—Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No. CN20-02586 |
| YASMINE FRANKLIN, | § | Petition No. 20-13000 |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: November 5, 2021
Decided: December 14, 2021

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## ORDER

After consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) The appellant ("Ex-Husband") filed this appeal from a Family Court order resolving matters ancillary to Ex-Husband's divorce from the appellee ("Ex-Wife"). Ex-Husband contends that the Family Court erred in resolving the parties' property-division dispute. For the reasons discussed below, we affirm in part and reverse in part.

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

(2)     The parties were divorced by decree of the Family Court on February 22, 2021.  The court retained jurisdiction to resolve the parties' dispute concerning property division.  On April 26, 2021, the Family Court issued a scheduling order that required the parties to submit a pretrial stipulation by June 21, 2021.  The order also provided that a pretrial conference would occur on June 23, 2021, and trial would occur on July 2, 2021.

(3)     The pretrial conference was conducted on June 23, 2021, via videoconference because of the COVID-19 pandemic.  Ex-Wife appeared for the proceeding; Ex-Husband did not.  During the videoconference, the court discussed the parties' ancillary financial disclosure form ("AFDR") with Ex-Wife, accepted certain verbal statements by Ex-Wife regarding the parties' assets and debts, and reviewed a pretrial stipulation that Ex-Wife emailed to the court during the conference.[2]  The court then entered a default order on the ancillary matters.

(4)     In the default order, the Family Court found that Ex-Wife's vehicle had a value of $8,549 and was subject to an outstanding loan that exceeded that amount;

---

[2] The Family Court's order that is the subject of this appeal states that Ex-Wife submitted a pretrial stipulation but does not indicate when she submitted that stipulation.  The order further states that Ex-Husband provided no information after the AFDR was submitted.  The Family Court record on appeal does not include a pretrial stipulation submitted by Ex-Wife, whether before or during the conference.  Moreover, the transcript of the June 23, 2021, conference reflects that Ex-Wife emailed the stipulation to the court during the conference and stated that she had also emailed it to the court on June 16, 2021.  We note these observations regarding the record because they offer some corroboration to Ex-Husband's contention, discussed below, that he had provided information to the court that is not included in the record.

the court therefore found the value of the vehicle to be $0 for purposes of property division.  Based on Ex-Husband's statements on the AFDR, the court determined that Ex-Husband's vehicle had a value of $1,200 and no loan balance; the court therefore included $1,200 as an asset in Ex-Husband's column of the "Wright Chart."[3]  The court found that Ex-Husband owned a premarital home with a mortgage balance of $122,000 and that the home had no equity as of the date of the parties' marriage.  Based on a "range of valuation" statement from a real-estate agent that Ex-Wife presented, the court determined that the value of the home on the date of divorce was $140,000.  The court held that the $18,000 increase in the value of the home equity was marital property and included $18,000 as an asset in the Ex-Husband's column of the Wright Chart.  The court found that Ex-Wife owed Christiana Care $4,350 for medical expenses incurred for the birth of the parties' child, which the court determined was a marital debt.  After reviewing the parties' age, employment, financial circumstances, and other factors, the court determined that it would divide the marital estate equally.  The court entered the marital debts and assets into the Wright Chart and concluded that Ex-Husband owed Ex-Wife $13,875.

---

[3] "A 'Wright Chart' is a chart accounting for and dividing the various marital assets and liabilities according to a ratio determined by the court." *Parker v. Parker*, 2012 WL 686045, at *2 n.4 (Del. Mar. 2, 2012) (citing *Wright v. Wright*, 469 A.2d 803 (Del. Fam. Ct. 1983)).

(5)     On appeal, Ex-Husband argues that the default order should be reversed because he had technical issues logging in to the videoconference.  He states that after attempting to join the videoconference using a phone and a computer, he called the court to inform them that he was trying to join the meeting.  He states that court staff indicated that they would let the presiding judge know and that Ex-Husband would receive a call back, but that he did not receive a call back.  He contends that, as a result, the court erroneously entered the default order without considering any evidence that Ex-Husband wanted to present, including a professional appraisal that valued the home at $125,000, which he asserts that he "submitted . . . as evidence." The Family Court record reflects that Ex-Husband filed a motion on July 15, 2021, stating that he had called the Family Court on June 23, 2021, when he could not log in to the videoconference; the Family Court deferred action on the motion because Ex-Husband had already filed a notice of appeal in this Court.  In addition to challenging the Family Court's conclusions regarding valuation, the Ex-Husband asserts that he should be given more than six months to satisfy the court's judgment.

(6)     This Court reviews the Family Court's entry of a default judgment against a party for failure to appear for abuse of discretion.[4]  Because the Family Court was divested of jurisdiction by the filing of the notice of appeal, it has not yet had the opportunity to consider Ex-Husband's contentions that his failure to appear

---

[4] *Sanders v. Sanders*, 2020 WL 7213218, at *2 (Del. Dec. 3, 2020).

was the result of technical difficulties with the videoconference and that he diligently contacted the court when those difficulties arose. This Court will not generally consider issues that were not first properly presented to the trial court.[5] The appropriate course would be for Ex-Husband to present those issues to the Family Court in the first instance, which is typically achieved in circumstances such as these through a motion to reopen the default judgment under Family Court Civil Rule 60(b).[6] To the extent Ex-Husband challenges the home valuation or the time by which he must satisfy the judgment, we therefore affirm the Family Court's judgment without prejudice to any relief that Ex-Husband might seek from the Family Court.

(7) Although we cannot address the Ex-Husband's contentions regarding the valuation of the real property in the procedural posture of this case, we have identified one error in the Family Court's judgment. The court's order states that Ex-Wife was liable to Christiana Care for medical debt in the amount of $4,350; that

---

[5] *See* DEL. SUPR. CT. R. 9(a) ("An appeal shall be heard on the original papers and exhibits which shall constitute the record on appeal."); *Sanders*, 2020 WL 7213218, at *2 (holding that the Court could not consider the appellant's explanations for why she did not respond to a guardianship petition or appear at a hearing because she did not first present those issues to the Family Court); *Anderson v. Anderson*, 2014 WL 4179116, at *1-2 (Del. Aug. 21, 2014) (affirming entry of default judgment and holding that the Court could not consider the father's explanations for why he did not appear at a custody hearing because he did not present those explanations to the Family Court, while noting that "[i]f the reasons for the Father's failure to appear at the hearing are as the Father alleges, then a default judgment was inappropriate").

[6] *Sanders*, 2020 WL 7213218, at *2; *Anderson*, 2014 WL 4179116, at *1. The Family Court may also determine in the first instance whether these issues may be resolved in the context of Ex-Husband's July 15, 2021 motion or whether a new motion is appropriate or required.

finding was consistent with the discussion during the June 23, 2021 proceeding.[7] But it appears that when entering the parties' assets and debts into the Wright Chart, the court entered the amount of $8,549, instead of $4,350, as the amount of the medical debt.[8] That transcription error resulted in a miscalculation of the amount that Ex-Husband owed Ex-Wife in order to equalize the allocation of marital debt and assets, which error was incorporated into the court's final judgment. We therefore reverse the Family Court's determination that Ex-Husband owes Ex-Wife $13,875. Using the amount of $4,350, as the Family Court determined the medical debt to be, instead of $8,549, it appears that Ex-Husband would owe Ex-Wife $11,775. In the absence of any further proceedings that result in the reopening of the judgment, the Family Court should modify its judgment to reflect that Ex-Husband owes Ex-Wife $11,775.

---

[7] *See* File No. CN2-02586, Pet. No. 20-13000, Transcript of June 23, 2021 proceedings, at 14:11-24; 15:11-12; 21:9-10 (Del. Fam. Ct.) [hereinafter *Transcript*].

[8] *See id.* at 23:8-10. The amount of $8,549, rather than $4,350, is shown on the copy of the Wright Chart that is attached to the Family Court's June 23, 2021 order. *See* File No. CN2-02586, Pet. No. 20-13000, Docket Entry No. 69-70 (Del. Fam. Ct. June 23, 2021). We note that $8,549 corresponds to the stated value of Ex-Wife's vehicle; the Family Court explicitly stated that, in light of the value of and indebtedness on Ex-Wife's vehicle, the value of the vehicle was $0 for purposes of property division. *Id.* ¶ 1. *See also* Transcript at 12:15-14:4.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED in part and REVERSED in part. The matter is REMANDED to the Family Court for further proceedings consistent with this order. Jurisdiction is not retained.

BY THE COURT:

/s/ Collins J. Seitz, Jr.
Chief Justice